**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

UNITED STATES OF AMERICA,

      Plaintiff,

v.                                                        CR 12-0592 BB

TIFFANY FLORES and
REFUGIO REZA,

      Defendants.

**ORDER GRANTING IN PART AND DENYING IN PART
MOTION TO DETERMINE EXCLUDABLE TIME**

On November 29, 2011, the United States of America filed a criminal complaint against Tiffany Flores and Refugio Reza (collectively, "Defendants") alleging that they possessed with intent to distribute over fifty grams of methamphetamine and participated in a conspiracy to do the same in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), and 846. (Doc. 1.) The Defendants executed waivers allowing the United States a total of one hundred and five days in which to indict them. (Docs. 12, 13.) However, they were not indicted until March 21, 2012. (Doc. 34.)

The United States has filed a motion requesting that the Court determine that twenty-one of the one hundred and five days were excludable under the Speedy Trial Act, rendering the indictment timely filed. (Doc. 31.) The Defendants have responded separately and presented different arguments as to why the indictment was not timely, but both request that the indictment be dismissed with prejudice. (Docs. 37 & 39.) Having reviewed the pleadings and the relevant law, I find that none of the parties correctly interprets the Speedy Trial Act. Nonetheless, the Defendants were indicted prior to the expiration of the speedy trial deadline.

## BACKGROUND

The Defendants were arrested on November 30, 2011, the day after the criminal complaint was filed. (Doc. 5.) Thus, the thirty-day clock for an indictment under the Speedy Trial Act began to run on December 1, 2011. 18 U.S.C. § 3161(b); FED. R. CRIM. P. 45(a). The clock was stopped, though, on December 2, 2011 for seventy-five days pursuant to waivers executed by the Defendants and a continuance to serve the ends of justice. (Docs. 12, 13, 14 & 16.)

On February 7, 2012, Anthony Rascon, counsel for Reza, filed a motion to substitute attorney. (Doc. 25.) The motion was deficient because it did not have the approval of Reza's former counsel, and the Court advised Rascon of the deficiency two days later. No amended motion was filed. Eventually, the Court set a hearing on the motion for February 28, 2012 and granted the motion at the hearing. (Doc. 26, 27 & 28.)

By March 14, 2012, the United States had yet to indict the Defendants. On March 15, the United States filed a motion to determine excludable time, in which it argued that the period while the motion to substitute was pending is excludable from the speedy trial clock for both Defendants. (Doc. 31.) The Court held a hearing on the motion and ordered the parties to submit briefing.[1] (*See* Doc. 32.) While the motion was pending, on March 21, 2012, the United States indicted the Defendants. (Doc. 34.)

## SPEEDY TRIAL ACT

---

[1] Reza's response brief was filed four days late. Reza submitted a document requesting that the Court accept the response as timely filed. (Doc. 38.) This document was incorrectly filed as a response rather than as a motion. When a party requests an extension after the time expires, the court may extend the time only upon a showing of good cause and excusable neglect. FED. R. CRIM. P. 45(b)(1). Reza's representation that his counsel's funding to his Lawnet.com subscription had not posted certainly does not constitute excusable neglect. However, in the interests of justice, I will consider Reza's argument.

In the United States' motion, it requests that the Court find that the Speedy Trial clock was tolled from February 7, 2012, the date that Reza filed the motion to substitute attorney, until February 28, 2012, the date that the motion was granted. (Doc. 31 at 1.) It argues that this motion constituted a pretrial motion, automatically tolling the clock pursuant to 18 U.S.C. § 3161(h)(1)(D). (*Id.* at 2.) It further asserts that the motion tolled the clock for both Defendants pursuant to 18 U.S.C. § 3161(h)(6). (*Id.* at 3.) Defendant Reza counters that a motion to substitute counsel merely requires ministerial action by the Court; consequently, it should not automatically toll the Speedy Trial clock. (Doc. 39 at 2.) Defendant Flores does not contest the nature of the motion to substitute but rather argues that the motion did not toll the speedy trial clock because the clock was already tolled by the continuance entered in both cases. (Doc. 37 at 2.)

A.   *Motion to Substitute Counsel*

The Speedy Trial Act clearly defines the periods of delay that are excluded from the speedy trial calculation. One of these periods is any delay resulting from other proceedings related to the defendant. 18 U.S.C. § 3161(h)(1). The Act provides a non-exclusive list of examples of proceedings that would pause the clock. *Id.* One of those is "delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion . . . ." *Id.* § 3161(h)(1)(D). Another is "delay reasonably attributable to any period, not to exceed thirty days, during which any proceeding concerning the defendant is actually under advisement by the court." *Id.* § 3161(h)(1)(H).

Reza asks me to find that the period during which the motion to substitute was pending is not excludable under the Speedy Trial Act. In making this request, he relies on Tenth Circuit and Supreme Court precedent that distinguishes between a motion that requires a hearing and a motion

3

that does not. *See Henderson v. United States*, 476 U.S. 321, 329 (1986); *United States v. Smith*, 569 F.3d 1209, 1212-13 (10th Cir. 2009). However, Reza appears to misunderstand these cases. While the distinction is important when a period of delay greater than thirty days results from a pending motion, it has no importance when the period of delay is under thirty days. This is because even when a motion is simple or routine and, as a result, does not require a hearing, a period of not more than thirty days is excluded by 18 U.S.C. § 3161(h)(1)(H). *See Henderson*, 476 U.S. at 329.

I agree with Reza that resolving a motion to substitute counsel is a simple, routine matter. Nonetheless, because the period of delay resulting from Reza's motion to substitute attorney was significantly less than thirty days, this period is excluded from the speedy trial calculation.

*B.     Overlapping Periods of Delay*

The government next asserts that it did not violate the Speedy Trial Act because, essentially, periods of exclusion are exclusive to one another. Flores argues that overlapping delays may only be counted once. Based on the language of the statute and existing case law, I find Flores' argument meritorious and conclude that any overlap between periods of exclusion is counted cumulatively rather than consecutively. Thus, a pretrial motion that is filed during a continuance does not stop the period of the continuance for speedy trial purposes.

Nowhere does the Speedy Trial Act allow one period of exclusion to pause the clock on another period of exclusion. There is only one subsection of the Act that addresses periods of delay that are "excluded in computing the time within which an information or an indictment must be filed . . . ." 18 U.S.C. § 3161(h). The purpose of the subsection, based on that language, is to define the time that pauses the speedy trial clock. The subsection comprises the exclusive list of delays that are justifiable and, therefore, excluded from the speedy trial calculation. In relevant part, in addition to

4

excluding periods of delay caused by other proceedings related to the defendant, the subsection excludes any delay "resulting from a continuance granted by any judge on his own motion or at the request of the defendant or his counsel or at the request of the attorney for the Government . . . ."[2] *Id.* § 3161(h)(7)(A). Because the statute defines all exclusions from the speedy trial clock but does not define any delays as pausing other, overlapping periods of delay, the language in the statute contemplates that overlapping periods of exclusion will only be counted once.

Furthermore, the United States has presented no case law in which periods of overlapping delay are nonetheless counted consecutively. In fact, the only cases that I have found on point count overlapping periods of delay only once. *See United States v. Herbst*, 666 F.3d 504, 509-10 (8th Cir. 2012); *United States v. Trotman*, 406 F. App'x 799, 806 (4th Cir. 2011) (unpublished); *United States v. Mulgado-Patida*, 402 F. App'x 367, 372-73 (10th Cir. 2010) (unpublished).

The sole support that the United States presents for its consecutive counting approach consists of a hypothetical situation where, it argues, the purpose of the Speedy Trial Act would not be served. (*See* Doc. 40 at 2-3.) According to the hypothetical, like here, a continuance is entered to allow the Government a total of one hundred and five days to indict. Diverging from this case, the hypothetical defendant files a motion for a competency evaluation on the fifty-fifth day. The competency issue is resolved seventy days later, for a total time since arrest of one hundred and twenty five days. The United States concludes that, under Flores' theory, the speedy trial deadline would expire on the date that the motion is resolved.

This hypothetical omits the key piece of information: the amount of time that had expired

---

[2] Certain conditions must be met before a continuance is subject to exclusion under the Speedy Trial Act. The parties do not argue that the continuance was not subject to exclusion. Accordingly, I do not discuss the applicable prerequisites, and I assume that the seventy-five day continuance is excluded from the speedy trial clock.

5

on the speedy trial clock before the continuance was entered. Without that information, the United States cannot justifiably conclude that the speedy trial deadline would expire on the date that the competency motion is resolved. Even assuming that the speedy trial deadline did expire on the date that the motion is resolved, the correct resolution is not to count the excludable time consecutively. Rather, the proper resolution of the issue would be to grant another continuance to serve the ends of justice, either *sua sponte* or upon a motion by the Government. *See* 18 U.S.C. § 3161(h)(7)(A).

C.     *Application to Defendants*

In this case, the arrest occurred on November 30 and the speedy trial clock began to run the next day. One day expired on the clock before a continuance was entered. That continuance paused the speedy trial clock for seventy-five days. The continuance expired on February 15, 2012. The speedy trial clock would have started running again at that point and would have run on March 14, 2012. However, on the date that the continuance expired (February 15), Reza's motion to substitute attorney was already pending before the Court. It remained pending until February 28, 2012. The speedy trial clock did not start again, then, until the date that the motion was resolved. Thus, the speedy trial clock would have run for both Defendants on March 27, 2012.[3]

## CONCLUSION

The Defendants were indicted on March 21, 2012, several days prior to the expiration of the speedy trial clock. Thus, no speedy trial violation occurred as to either Defendant. The United

---

[3] Though Flores did not file the pretrial motion, the Speedy Trial Act also excludes "[a] reasonable period of delay when the defendant is joined for trial with a codefendant as to whom the time for trial has not run and no motion for severance has been granted . . . ." 18 U.S.C. § 3161(h)(6); *see United States v. Vogl*, 374 F.3d 976, 983 (10th Cir. 2004) (quoting *United States v. Mobile Materials, Inc.*, 871 F.2d 902, 915 (10th Cir. 1989)) ("An exclusion for delay 'attributable to one defendant is applicable to all co-defendants.'"). Thus, the same calculations apply to both Flores and Reza.

States' motion to determine excludable time is granted in part, though the United States is advised that overlapping periods of excludable time are not counted consecutively for speedy trial purposes.

    IT IS SO ORDERED.

                                                                        William P. Lynch
                                                                         United States Magistrate Judge

A true copy of this order was served on the date of entry--via mail or electronic means--to counsel of record and any *pro se* party as they are shown on the Court's docket.